2016 OK CIV APP 71

**Marilyn L. MORTON, Plaintiff,**

v.

**Nancy H. WATSON, Defendant,**

and

**Tulsa Spine and Specialty Hospital, Hospital Lien Claimant/appellee,**

v.

**Blue Cross Blue Shield of Oklahoma, Subrogation Lien Claimant/appellant.**

Case Number: 113820

Court of Civil Appeals of Oklahoma, Division No. 1.

Decided: 07/29/2016

Mandate Issued: 11/22/2016

Tom J. Sullivent, Sid Martin, SULLIVENT LAW FIRM, Tulsa, Oklahoma, for Hospital Lien Claimant/Appellee,

Rodney C. Ramsey, Kara N. Gray, Michael D. Gray, RAMSEY AND GRAY, P.C., Oklahoma City, Oklahoma, for Subrogation Lien Claimant/Appellant.

pump yard appears in the trial court's order but    is expressly excluded.

Kenneth L. Buettner, Vice–Chief Judge and Presiding Judge:

¶ 1 Plaintiff Marilyn L. Morton sued Defendant Nancy H. Watson for damages arising out of a motor vehicle collision. After Morton and Watson settled, Appellee Tulsa Spine and Specialty Hospital (Hospital) and Appellant Blue Cross Blue Shield of Oklahoma (Insurer) litigated the priority of their liens on the settlement proceeds. The trial court ordered that Hospital's lien had priority and directed distribution of the remaining proceeds to it. On *de novo* review of the record presented, we find Hospital's lien had priority and we affirm.

¶ 2 Morton filed her negligence Petition against Watson April 3, 2013. Morton filed her Motion to Apportion Settlement Proceeds October 31, 2014, in which she averred the parties had settled for $250,000 and, after attorney fees and costs, $148,009.08 remained to be divided between Hospital, Insurer, and Morton.[1]

■ ¶ 3 Following a hearing held February 25, 2015, the trial court entered its Order for Distribution of Settlement, in which it found Hospital's lien had priority and directed the proceeds to be paid accordingly. The court further directed that all liens and claims arising out of the collision except for Insurer's were extinguished. Insurer appeals. The facts are undisputed. We review *de novo*

the legal question of which lien has priority. *Broadway Clinic v. Liberty Mut. Ins. Co.*, 2006 OK 29, ¶6, 139 P.3d 873, 876.

¶ 4 In their Petition and Answer, Morton and Watson agreed that the collision occurred April 12, 2011. Hospital recorded its lien for $242,175.86 June 13, 2012. Morton filed her Petition April 3, 2013 and Watson answered October 1, 2013. At some point after that the parties settled and Morton filed her Motion to Apportion Settlement Proceeds October 31, 2014. In support of its assertion of a subrogation lien, Insurer submitted part of a document titled "Your Health Care Benefit Program," which provided, on page 57:

> To the extent the Plan provides or pays Benefits for Covered Services for any injury, illness or condition which occurs through the omission or commission of any act by another person, each Subscriber agrees that the Plan shall have a first lien on any settlement proceeds, and the Subscriber shall reimburse and pay the Plan, on a first-priority basis, from any money recovered by suit, settlement, judgment or otherwise from another party or his or her insurer. . . .

That document referenced an insurance contract, which is not part of the record.

¶ 5 Hospital has a statutory lien, provided by 42 O.S.2011 43.[2] Title 42 O.S.2011 44

---

1. Morton averred that Hospital was the only medical provider that had filed a lien and Insurer was the only entity claiming a right to subrogation.

2. That section provides, in pertinent part:
A. Every hospital in this state, which shall furnish emergency medical or other service to any patient injured by reason of an accident not covered by the Workers' Compensation Code, shall, if such injured party shall assert or maintain a claim against another for damages on account of such injuries, have a lien upon any recovery or sum had or collected or to be collected by such patient, or by his or her heirs, personal representatives or next of kin in the case of his or her death, whether by judgment or by settlement or compromise to the amount of the reasonable and necessary charges of such hospital for the treatment, care and maintenance of such patient in such hospital up to the date of payment of such damages. Provided, however, the lien shall be inferior to any lien or claim of any attorney or attorneys for handling the claim on

behalf of such patient, his or her heirs or personal representatives; provided, further, that the lien herein set forth shall not be applied or considered valid against any claim for amounts due under the Workers' Compensation Code in this state.
B. In addition to the lien provided for in subsection A of this section, every hospital in this state, which shall furnish emergency medical or other service to any patient injured by reason of an accident not covered by the Workers' Compensation Code, shall have, if the injured person asserts or maintains a claim against an insurer, a lien for the amount due for the emergency medical or other service upon any monies payable by the insurer to the injured person. Provided, however, the lien shall be inferior to any lien or claim of any attorney or attorneys for handling the claim on behalf of such patient, his or her heirs or personal representatives; provided, further, that the lien herein set forth shall not be applied or considered valid against any claim for amounts due under the Workers' Compensation Code in this state. * * *

requires a provider of emergency medical care to record its lien, which Hospital did as explained above, for the lien to be effective.[3] Insurer has not alleged that Hospital did not properly file its lien or that the hospital lien was not effective.

¶6 In support of its contention its contractual subrogation lien has priority, Insurer argues its lien was effective either at the time the policy began or at the time it began making payments of claims arising out of the accident. Insurer notes 42 O.S.2011 15 provides, in part, "(o)ther things being equal, different liens upon the same property have priority according to the time of their creation, ...." As support for its argument that its lien was created at the time it entered an insurance contract with Morton, Insurer relies on 42 O.S.2011 9, which provides: "(a) lien may be created by contract, to take immediate effect, as security for the performance of obligations not then in existence," and contends that statute establishes that every contractual lien is immediately effective. We note, however, the preceding statute, 42 O.S.2011 8, provides: "(a)n agreement may be made to create a lien upon property not yet acquired by the party agreeing to give the lien, or not yet in existence. *In such case the lien agreed for attaches from the time when the party agreeing to give it acquires an interest in the thing to the extent of such interest.*" (Emphasis added). The statutory provisions for contractual liens do not definitively establish the effective date for such lien, but instead establish only that the parties *may* agree on an effective date.

¶7 Insurer's "Your Health Care Benefit Program" document states only that Insurer has a lien in any settlement; it does not give any indication of when its subrogation lien arose or became effective, other than the indication that the lien existed when there was a settlement with a tortfeasor. Insurer has not presented its contract of insurance and we therefore are unable to determine whether it expressed an indication of the effective date of the lien. The record presented does not establish an effective date for Insurer's subrogation lien apart from the date of existence of any settlement. The settlement in this case occurred well after Hospital had properly recorded its lien.

¶8 The hospital lien statute includes "priority" in its title. The language of 43 includes only one statement related to priority: it provides that a hospital lien is inferior to an attorney's lien. "(T)he maxim 'expressio unius est exclusio alterius,' that the mention of one thing in a statute impliedly excludes another thing, is used to determine legislative intent." *Patterson v. Beall*, 2000 OK 92, ¶24, 19 P.3d 839, citing *PSO v. State ex rel. Corporation Commission*, 1992 OK 153, 842 P.2d 750, 753. The specific statement that a hospital lien is inferior to an attorney's lien shows the Legislature's intent that a hospital lien is inferior only to an attorney's lien. The purpose of hospital lien statutes is "to lessen the burden imposed on hospitals by nonpaying patients involved in accidents." *Vinzant v. Hillcrest Medical Center*, 1980 OK 50, ¶7,

---

3. 42 O.S.2011 44 provides, in pertinent part:
A. No such lien shall be effective unless a written notice containing an itemized statement of the amount claimed, the name and address of the injured person, the date of the accident, the name and location of the hospital, and the name of the person or persons, firm or firms, corporation or corporations alleged to be liable to the injured party for the injuries received, shall be filed in the office of the county clerk of the county in which such hospital is located, on the mechanic's and materialman's docket, prior to the payment of any monies to such injured person, his attorneys or legal representatives, as compensation for such injuries; nor unless the hospital shall also send, by registered or certified mail postage prepaid, a copy of such notice with a statement of the date of filing thereof to the person or persons, firm or firms, corporation or corporations alleged to be liable to the injured party for the injuries sustained prior to the payment of any monies to such injured person, his attorneys or legal representatives, as compensation for such injuries. Such hospital shall mail a copy of such notice to any insurance carrier which has insured such person, firm or corporation against such liability, if the name and address shall be known. Such hospital shall also send, by registered or certified mail, a copy of such notice to such patient upon whom emergency medical or other service has been performed, if the name and address of such patient shall be known to the hospital or can with reasonable diligence be ascertained. A copy of said notice shall be mailed to any attorney for the patient, provided that the hospital has notice of the name of such attorney.

609 P.2d 1274. This purpose is served by giving priority to hospital liens.

¶9 In this case, Insurer has presented no evidence establishing that its lien was effective at any time before the date of the settlement, which was after Hospital recorded its lien. And the record includes no evidence establishing the priority of the liens at issue here apart from the indication in 43 that the Legislature intended hospital liens to be inferior only to attorney's liens. On the limited record presented here, we find the trial court correctly determined Hospital's lien has priority.

¶10 AFFIRMED.

MITCHELL, J., and GOREE, J., concur.